# EXHIBIT 1

# STATE OF NORTH CAROLINA

Mecklenburg _____ County  FILED

| | File No. |
|---|---|
| | 19-CVS- 22818 |

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**GENERAL**
**CIVIL ACTION COVER SHEET**

☒ INITIAL FILING  ☐ SUBSEQUENT FILING

*Name And Address Of Plaintiff 1*
The Avenues at Ayrsley Homeowners Association
c/o Law Offices of Amos & Kapral, LLP
1331 N. Center Street
Hickory                    NC         28601

2019 NOV 27  A II: 47

*Name And Address Of Plaintiff 2*
Nationwide Mutual Insurance Company

BY

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

### VERSUS

*Name And Address Of Defendant 1*
Nationwide Mutual Insurance Company
c/o Mike Causey, Insurance Commissioner as Registered Agent
1201 Mail Service Center
Raleigh                    NC         27699

*Summons Submitted*
☒ Yes   ☐ No

*Name And Address Of Defendant 2*

*Summons Submitted*
☐ Yes   ☐ No

*Name And Address Of Attorney Or Party, If Not Represented*
*(complete for initial appearance or change of address)*
T. Dean Amos and Dawn A. Hanzlik-Hexemer
Law Offices of Amos & Kapral, LLP
1331 North Center Street
Hickory                         NC        28601

| *Telephone No.* (828) 855-3152 | *Cellular Telephone No.* |
|---|---|

| *NC Attorney Bar No.* 14024 & 45316 | *Attorney Email Address* dean@amoskapral.com & dawn@amoskapral.c[+] |
|---|---|

☒ Initial Appearance in Case  ☐ Change of Address

| *Name Of Firm* Law Offices of Amos & Kapral, LLP | *Fax No.* (828) 855-3154 |
|---|---|

*Counsel For*
☒ All Plaintiffs  ☐ All Defendants  ☐ Only: *(list party(ies) represented)*

☒ Jury Demanded In Pleading   ☐ Complex Litigation   ☐ Stipulate to Arbitration

## TYPE OF PLEADING

*(check all that apply)*

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) *(see Note)*
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) *Assess Court Costs*
☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
☐ Dismiss (DISM) *Assess Court Costs*
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other *(specify and list each separately)*

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

*(Over)*

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 19-CVS-__22818__

)

THE AVENUES AT AYRSLEY )
HOMEOWNERS ASSOCIATION, )
                                        )
            Plaintiff,              )
                                        )
v.                                     )
                                        )
NATIONWIDE MUTUAL INSURANCE )
COMPANY,                      )
                                        )
            Defendant.          )
                                        )

**COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff, complaining of Defendant, alleges and says as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is a North Carolina non-profit corporation, having its principal place of business in Mecklenburg County, North Carolina.

2.      Upon information and belief, Defendant Nationwide Mutual Insurance Company is a property and casualty insurance carrier transacting business in the State of North Carolina, including the solicitation of customers in and procurement of insurance contracts in North Carolina.

3.      This action arises by virtue of the duties and obligations of the Defendant in relation to a storm damage claim to nine (9) townhome buildings known as The Avenues at Ayrsley located in Charlotte, Mecklenburg County, NC 28273 (the "Property").

4.      Jurisdiction is proper in North Carolina pursuant to N.C. Gen. Stat. § 1-75.4.

5.      Venue is proper in this county pursuant to N.C. Gen. Stat. § 1-80.

```
MECKLENBURG COUNTY CLERK OF COURT

V545313            12/03/19  10:34:45

PAYOR: AVENUES AT AYRSLEY HOA
PAYEE: NATIONWIDE MUTUAL
CASE#: 19CVS022818 VCAP:Y
CITA#:

21120 SC-CIVIL FEES            179.05
21124 SC-CV LAA FEES              .95
24681 JUD TECH & FAC             4.00
22120 CO FAC FEE S CV           16.00

              TOTAL PAID       200.00
              CO TENDERED      200.00
                 CHANGE           .00

0236   ID C59KLF
```

## FACTUAL BACKGROUND

6.      Defendant issued to Plaintiff a policy of insurance, number ACPBPHM2345631275 (the "Policy"), effective September 15, 2016 insuring the Property.

7.      All premiums were paid in full at the time of the loss described herein.

8.      Plaintiff is insured entitled to the coverages described in the Policy.

9.      On or about November 30, 2016, a severe thunderstorm and/or tornado producing high winds, hail and rain caused damage to the Property, including, but not limited to, damage to the roofs and water damage to the interior of the townhomes (hereinafter collectively referred to as the "Storm Damage").

10.     Plaintiff submitted a claim to Defendant seeking insurance coverage for the Storm Damage. Plaintiff requested Defendant cover the total cost (less the deductible) to repair the Storm Damage pursuant to the Policy and make available any other coverage(s) under the Policy (hereinafter referred to as the "Claim").

11.     Upon information and belief, Defendant and/or its adjuster conducted an inadequate and/or improper inspection of the Property, which was used in the adjustment of the Claim.

12.     Among other things, Defendant's adjustment of the Claim failed to recognize the entire scope of the Storm Damage, failed to acknowledge the extent of the Storm Damage, and did not provide adequate funds to cover the repairs from the Storm Damage.

13.     Defendant and/or its agents failed to properly adjust the Claim, and Defendant improperly denied the entire scope of work necessary to repair the Property, even though the Policy provided coverage for all the Storm Damage.

2

14.     Defendant failed to perform its contractual duty to compensate Plaintiff under the terms of the Policy for the Storm Damage. Specifically, Defendant failed and/or refused to pay, although due demand to pay an amount sufficient to cover the Storm Damage to the Property and all conditions precedent to recovery upon the Policy were carried out and accomplished by Plaintiff.

## BREACH OF CONTRACT

15.     Plaintiff realleges and incorporates the preceding paragraphs here by reference.

16.     Pursuant to the terms of the Policy that Plaintiff purchased, upon payment of premiums to maintain the validity of the Policy, Defendant had the duty to investigate and pay the Policy benefits for claims made for covered damages, including any available additional coverages under the Policy, as a result of the Storm Damage.

17.     As a result of the Storm Damage, which is a covered peril under the Policy, the Property was damaged.

18.     Defendant's failure and/or refusal, as described in this complaint, to pay adequate compensation as it is obligated to do under the terms of the Policy and under the laws of the State of North Carolina, constitutes a breach of Defendant's insurance contract with Plaintiff.

19.     As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages in excess of Twenty-Five Thousand Dollars ($25,000.00), with the exact amount to be proven at a trial of this matter.

WHEREFORE, Plaintiff respectfully prays the Court as follows:

1.      That Plaintiff have and recover a judgment against Defendant as a result of its breach of contract, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), with the exact amount to be proven at trial, pre-judgment interest as allowed by contract or law from

3

the date of the breach until the date of judgment, plus post judgment interest thereafter at the maximum legal rate of 8% per annum, until paid in full and attorney's fees and court costs as allowed by contract and/or statute;

2.     That Plaintiff be afforded a trial by jury on all issues; and

3.     That Plaintiff has and recover such other and further relief as the Court deems just and proper.

This the 27th day of November, 2019.

LAW OFFICES OF AMOS & KAPRAL, LLP

By: _____

T. Dean Amos, NC Bar No. 14024
Dawn Hanzlik-Hexemer, NC Bar No. 45316
Attorneys for Plaintiff
1331 N. Center Street
Hickory, NC  28601
Telephone: (828) 855-3152
Facsimile: (828) 855-3154

4

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) |    Convictions (PLDP) | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☐ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | |
| ☒ Contract (CNTR) | ☐ Negligence - Other (NEGO) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | |

| Date | Signature Of Attorney/Party |
|---|---|
| 11/27/2019 | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)    ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts